# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

W. PARKER HIX,                :

                                :

      Plaintiff,            :

                                  :

v.                                :      CIVIL ACTION NO.

                                  :      1:11-CV-04464-RWS

AON RISK SERVICES, INC. OF   :

MARYLAND                    :

                                  :

      Defendant.        :

## **ORDER**

This case comes before the Court on Plaintiff Hix's Motion for

Preliminary Injunction Enjoining Enforcement of the Aon/Allied Covenants [2]

and Defendant Aon Risk Services, Inc. of Maryland's ("Aon") Motion for

Preliminary Injunction [21]. After holding a hearing and considering the

Record, the Court enters the following Order.

With regard to the non-recruitment covenant in Section 14.1(a)(i) of the

Aon/Allied Agreement, the Court hereby declares and adjudges:

1.      Plaintiff Hix has shown a substantial likelihood of success on the

          merits of his claim that the covenant is unenforceable to the extent

          it (1) prohibits conduct beyond affirmative measures initiated by

Hix to solicit or recruit employees for employment, and (2) applies

to employees other than employees of Allied of Georgia[1] as of the

time specified in the covenant.  Defendant Aon, however, has

shown a substantial likelihood of success on the merits of its claim

that the covenant is enforceable, insofar as it prohibits Hix from

taking affirmative measures to solicit or recruit for employment

employees of Allied of Georgia as of the time specified in the

covenant.

2.     Second, Plaintiff Hix has shown that he will suffer irreparable

harm unless an injunction issues enjoining enforcement of the

covenant to the extent it (1) prohibits conduct beyond affirmative

measures initiated by Hix to solicit or recruit employees for

employment, and (2) applies to employees other than employees of

Allied of Georgia as of the time specified in the covenant.

Defendant Aon, however, has shown that it will suffer irreparable

harm unless an injunction issues enjoining Hix from violating the

covenant by taking affirmative measures to solicit or recruit for

---

[1] "Allied of Georgia" refers to Allied North America Insurance Brokerage of
Georgia, Inc.  (Pl.'s Mot. Preliminary Inj., Dkt. No. [2] at 6.)

employment employees of Allied of Georgia as of the time

specified in the covenant.

3.    Third, Plaintiff Hix has shown that the harm he would suffer in the

absence of an injunction enjoining enforcement of the covenant to

the extent it (1) prohibits conduct beyond affirmative measures

initiated by Hix to solicit or recruit employees for employment,

and (2) applies to employees other than employees of Allied of

Georgia as of the time specified in the covenant would outweigh

the harm to Aon should an injunction issue.  Defendant Aon

similarly has shown that the harm it would suffer in the absence of

an injunction enjoining Hix from violating the covenant by taking

affirmative measures to solicit or recruit for employment

employees of Allied of Georgia as of the time specified in the

covenant would outweigh the harm to Hix should an injunction

issue.

4.    Finally, enjoining enforcement of the covenant to the extent it (1)

prohibits conduct beyond affirmative measures initiated by Hix to

solicit or recruit employees for employment and (2) applies to

employees other than employees of Allied of Georgia as of the

3

time specified in the covenant would not disserve the public interest. Conversely, enjoining Hix from violating the covenant by taking affirmative measures to solicit or recruit for employment employees of Allied of Georgia as of the time specified in the covenant would not disserve the public interest.

With regard to the non-solicitation covenant in Section 14.1(a)(iii) of the Aon/Allied Agreement, the Court hereby declares and adjudges:

1.  First, Plaintiff Hix has shown a substantial likelihood of success on the merits of his claim that the covenant is unenforceable to the extent it prohibits Hix from soliciting customers or suppliers of Allied Group Holdings, LLC and its subsidiaries other than Allied of Georgia. Defendant Aon, however, has shown a substantial likelihood of success on the merits of its claim that the provision is enforceable insofar as it prohibits Hix from soliciting customers or suppliers of Allied of Georgia as of the date specified in the covenant.

2.  Second, Plaintiff Hix has shown that he will suffer irreparable harm unless an injunction issues enjoining enforcement of the covenant to the extent it applies beyond the customers or suppliers

4

of Allied of Georgia as of the date specified in the covenant.

Defendant Aon, however, has shown that it will suffer irreparable

harm unless an injunction issues enjoining Hix from violating the

covenant by soliciting the customers or suppliers of Allied of

Georgia as of the date specified in the covenant.

3.      Third, Plaintiff Hix has shown that the harm he would suffer in the

absence of an injunction enjoining enforcement of the covenant

beyond the customers or suppliers of Allied of Georgia as of the

date specified in the covenant would outweigh the harm to Aon

should an injunction issue.  Defendant Aon similarly has shown

that the harm it would suffer in the absence of an injunction

enjoining Hix from violating the covenant by soliciting the

customers or suppliers of Allied of Georgia as of the date specified

in the covenant would outweigh the harm to Hix should an

injunction issue.

4.      Finally, enjoining enforcement of the covenant to the extent it

applies beyond the customers or suppliers of Allied of Georgia as

of the date specified in the covenant would not disserve the public

interest.  Conversely, enjoining Hix from violating the covenant by

5

soliciting the customers or suppliers of Allied of Georgia as of the date specified in the covenant would not disserve the public interest.

In accordance with the foregoing findings, the Court hereby **GRANTS in part and DENIES in part** Plaintiff Hix's Motion for Preliminary Injunction [2] and **GRANTS in part and DENIES in part** Defendant Aon's Motion for Preliminary Injunction [21]. The Court hereby **ORDERS**:

1. The word "encourage" in the non-recruitment covenant in Section 14.1(a)(i) of the Aon/Allied Agreement shall be construed to refer only to affirmative actions taken by Plaintiff Hix to initiate contact with employees to whom the covenant pertains in furtherance of soliciting or recruiting them for employment. It shall not be construed to apply to any action taken by Plaintiff Hix in response to overtures by employees who initiate contact with Plaintiff.

2. The non-recruitment covenant in Section 14.1(a)(i) of the Aon/Allied Agreement shall apply only to the employees of Allied of Georgia as of the time specified in the covenant. It shall not apply to the employees of Allied Group Holdings, LLC or its other subsidiaries.

6

3.    The non-solicitation covenant in Section 14.1(a)(iii) of the

Aon/Allied Agreement shall apply only to customers or suppliers

of Allied of Georgia as of the date specified in the covenant.  It

shall not apply to the customers or suppliers of Allied Group

Holdings, LLC or its other subsidiaries.

4.    Plaintiff has not challenged the enforceability of the non-disclosure

covenant in Section 14.1(a)(ii) of the Aon/Allied Agreement.

Accordingly, it shall be enforceable as written.

5.    Each of the parties is hereby **ENJOINED** from taking any action

that violates the provisions of the Aon/Allied Agreement, as

construed herein, which the Court has found to be enforceable.

6.    The parties shall proceed with expedited discovery.  Counsel will

confer in an effort to agree to a discovery schedule by February 22,

2012.  If they are unable to agree to a schedule, each party will

submit a proposed schedule to the Court on February 22.

**SO ORDERED**, this  15th  day of February, 2012.

**RICHARD W. STORY**
United States District Judge

7